**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ANTHONY D. FULLER #1256985**          §
                                         §
**V.**                                   §          **A-10-CA-356-SS**
                                         §
**FORMER GOV. GEORGE W. BUSH,**          §
**GOV. RICK PERRY, and RISSIE OWENS**    §

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and memorandum in support. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Hughes Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Plaintiff is serving a 14-year sentence for aggravated sexual assault committed September 1, 1987. Plaintiff has been denied parole. He sues George W. Bush, Rick Perry and Rissie Owens. He requests to be reviewed for parole under the policies, criteria, guidelines and laws in effect at the time his offense was committed.

Plaintiff contends the accepting of the grant money from the Violent Offender Incarceration and Truth in Sentencing program by the State of Texas, and agreeing to its terms, leads to a biased parole decision maker, in violation of due process.  Plaintiff also contends this same conduct violates state and federal prohibitions found in their separation of power doctrines and the state and federal ex post facto doctrines.  Plaintiff asserts, as a result of the policy, there has been a sharp decline in parole release for prisoners serving sentences for violent offenses.  According to Plaintiff, prisoners convicted of violent offenses are having to serve 85 percent of their sentence before being considered for parole.

Next, Plaintiff complains the entire Board voted on his parole review.  Plaintiff asserts at the time he committed his crime, only three members voted on parole decisions.

Plaintiff additionally argues the law in effect at the time Plaintiff's crime was committed allowed for one-year set-offs.  Plaintiff complains he received a three-year set-off when he was denied parole in 2006 in violation of the Ex Post Facto Clause.

DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).  When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se

2

status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

       B.    Due Process

Plaintiff makes various claims that his due process rights have been violated with respect to his denial of parole.  However, the United States Constitution does not create a liberty interest in parole.  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause.  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures.  Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).  It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole.  See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law.").  An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather,

he is only entitled to a review to determine whether or not he will be released on parole.  See 37 TEX.

ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant,

or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995)

(because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the

constitutionality of procedural devices attendant to parole decisions).  Regardless of when and how

often inmates seek parole review, they are never kept in prison beyond their maximum sentence date.

Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for

violation of due process in the procedures attendant to his parole decisions.  Orellana, 65 F.3d at 31.

In addition, while the core of substantive due process is protection from arbitrary government action,

"only the most egregious official conduct" is arbitrary in the constitutional sense.  County of

Sacramento v. Lewis, 523 U.S. 833, 846 (1998).  Plaintiff's complaint does not meet that standard.

C.      Separation of Powers

Plaintiff argues the Board of Pardons and Paroles is part of the executive branch but has

exercised a power that should be properly attached to the legislative branch.  He concludes the

Board's practices violate the separation of powers provision.  This argument concerns actions

involving state branches of government. Thus, Plaintiff has not stated a federal constitutional

violation based on the Separation of Powers doctrine.  Sweezy v. New Hampshire, 354 U.S. 234,

255, 77 S. Ct. 1203 (1957).

D.      Ex Post Facto Clause

Plaintiff also makes challenges under the Ex Post Facto Clause.  Article I, Section 10 of the

United States Constitution provides, "no State . . . shall pass any . . . ex post facto law."  U.S. CONST.

art. I, § 10.  The Ex Post Facto Clause "protects liberty by preventing governments from enacting

4

statutes with 'manifestly <u>unjust and oppressive</u>' retroactive effects." <u>Stogner v. California</u>, 539 U.S. 607, 611 (2003) (quoting <u>Calder v. Bull</u>, 3 Dall. 386, 291 (1798)).  Under the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." <u>Collins v. Youngblood</u>, 497 U.S. 37, 43 (1990) (citing <u>Beazell v. Ohio</u>, 269 U.S. 167, 169-70, (1925)).  A statute violates the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause only if it retroactively "effects [a] change in the definition of respondent's crime" or "increases the 'punishment' attached to respondent's crime." <u>California Dep't of Corr. v. Morales</u>, 514 U.S. 499, 505 (1995).  The latter analysis applies to Plaintiff.

Parole panels are vested with complete discretion in making parole decisions to accomplish the mandatory duties found in Chapter 508 of the Texas Government Code.  The Board adopted parole guidelines to assist those responsible for determining suitability for parole.  37 TEX. ADMIN. CODE § 145.2 (1995) (Standard Parole Guidelines).  The current parole guidelines consist of a risk assessment instrument and an offense severity scale.  <u>Id.</u>  Combined, these components serve as an instrument to guide parole release decisions.  <u>Id.</u>  The risk assessment instruments include two sets of components, static and dynamic factors.  <u>Id.</u>  The static factors include:  (1) age at first admission to a juvenile or adult correctional facility; (2) history of supervisory release revocations for felony offenses; (3) prior incarcerations; (4) employment history; and (5) the commitment offense.  <u>Id.</u>  The dynamic factors include:  (1) the offender's current age; (2) whether the offender is a confirmed security threat group member; (3) education, vocational and certified on-the-job training programs completed during the present incarcerations; (4) prison disciplinary conduct; and (5) current prison custody level.  <u>Id.</u>  The guidelines are not automatic nor is the parole guidelines score presumptive

as to whether an offender will be paroled.  Id.  The parole guidelines serve as an aid in the parole decision process and the parole decision shall be at the discretion of the parole panel.  Id.

The Fifth Circuit recently recognized that while changes to parole eligibility could retroactively increase punishment, determinations of suitability for parole are discretionary and do not have ex post facto implications.  Wallace v. Quarterman, 516 F.3d 351 (5th Cir. 2008).  The Fifth Circuit explained that Simpson v. Ortiz, 995 F.2d 606, 610 (5th Cir. 1993) reaffirmed its holding in Sheary v. United States, 822 F .2d 556, 558 (5th Cir. 1987), that changes in Parole Commission guidelines on suitability for parole do not violate the Ex Post Facto Clause.  Wallace, 516 F.3d at 355.  The court stated this holding is consistent with the holding in Portley v. Grossman, 444 U.S. 1311 (1980), which held changes to discretionary parole guidelines do not have ex post facto implications.  Id.  The issues raised by Plaintiff in his complaint address suitability for parole, not eligibility for parole, and thus do not implicate the Ex Post Facto Clause.  Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. Apr. 27, 2009).

To the extent Plaintiff challenges his multiple-year set-off, his claim also fails. After consideration of the applicable law, the Court is of the opinion the change to Texas parole laws challenged by Plaintiff that potentially lengthens the period between parole reconsideration hearings does not violate the Ex Post Facto Clause.  The Court in Garner analyzed a change to Georgia's parole rules, lengthening the period between parole reconsideration hearings from three years to eight years.  Garner v. Jones, 529 U.S. 244, 250-57 (2000).  The Garner Court found no facial invalidity in the Georgia rule amendment.  It stressed two factors:  (1) the parole board retained discretion as to how frequently to set an inmate's date for reconsideration, and (2) the statute permitted expedited parole reviews to consider a change in circumstances or new information.  Id. at 254.  The Court

6

concluded that increases in the minimum number of years in which parole decisions must be reconsidered from three to eight do not violate the ex post facto prohibition, where they do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility.  Id. at 250-57; see also Morales, 514 U.S. at 500 (noting change in California law regarding frequency of parole hearings created "only the most speculative and attenuated risk of increasing the measure of punishment"). Similar to the parole laws challenged in Garner, the amendments to Section 508.141(g) of the Texas Government Code do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility.  The amendments also do not modify or substantially alter Plaintiff's quantum of punishment.  In addition, the Board retains discretion as to how frequently to set an inmate's date for reconsideration.  As such, the revised parole laws do not violate the Ex Post Facto Clause. Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. Apr. 27, 2009).

When Plaintiff committed his aggravated sexual assault, parole decisions were made by panels of three board members and required a majority vote.  TEX. CRIM. PROC. art. 42.18 § 7(e). A new procedure, enacted in 1995, requires the votes of two-thirds of the entire Board to grant parole.  TEX. GOV'T CODE ANN. § 508.046.  Plaintiff indicates the new procedure was used in Plaintiff's parole review.  In Brasfield v. Owens, No. A-05-CV-1009-SS (W.D. Tex.) (Order Aug. 28, 2007), the Court noted that several courts in this circuit have dismissed ex post facto claims challenging the two-thirds voting requirement of § 508.046.  See Goodwin v. Dretke, 150 F. App'x 295 (5th Cir. 2005) (denying habeas relief because state court's determination that prisoner was not entitled to habeas relief based on parole board voting requirements was a reasonable application of federal law); Aldaco v. Quarterman, 185 F. App'x 358, 359 (5th Cir. 2000) (same); Goodrich v.

Livingston, No. G-06-156, 2007 WL 128308 (S.D. Tex. Jan. 10, 2007) (dismissing as frivolous § 1983 plaintiff's claim that § 508.046 violated the Ex Post Facto Clause); Brooks v. Dretke, No. C.A.C-04-198, 2005 WL1745456 (S.D. Tex. July 22, 2005) (change in size of parole eligibility panel did not violate either Ex Post Facto or Due Process clause). Recently, the Fifth Circuit denied a certificate of appealability to a petitioner who would have had the requisite vote under the former parole voting procedure, determining he failed to show that jurists of reason would debate the district court's dismissal of his ex post facto challenge to the retroactivity of TEX. GOV'T CODE ANN. § 508.046. Breshears v. Quarterman, No. 03-20796 (5th Cir. Apr. 15, 2008).

After consideration of the applicable case law, the Court is of the opinion that application of the new parole procedure does not alter any of the determinants of parole timing or eligibility, but only how many board members will participate in the decision. This presents an even more speculative and attenuated possibility of increasing punishment than the amendments upheld in Garner and Morales. Accordingly, Plaintiff has not stated a claim for a violation of the Ex Post Facto Clause with regard to a facial challenge to the two-thirds voting requirement.

E.    Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which it has original jurisdiction that they form part of the same case or controversy. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Because the dismissal of Plaintiff's federal claims is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

RECOMMENDATION

It is therefore recommended that Plaintiff's federal-law claims be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).  It is further recommended that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, if any.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of July, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE